976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto CRUZ-ARANA, Defendant-Appellant.
 No. 91-50742.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 1, 1992.*
Decided Sept. 17, 1992.
 
 Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernesto Cruz-Arana (Cruz) appeals the sentence imposed by the district court after Cruz pleaded guilty to one count of transporting illegal aliens in violation of 8 U.S.C. § 1324. We vacate and remand for resentencing.
 
 FACTS
 
 3
 On April 8, 1991, Cruz transported three passengers into the country illegally. He knew their illegal status when he agreed to transport them. One alien rode with him in the front seat of his vehicle, a 1978 Oldsmobile Cutlass, and the other two were concealed in the trunk.
 
 
 4
 The Border Patrol agent at the San Clemente, California immigration checkpoint referred Cruz to a secondary inspection station. The parties agree that Cruz sped from the checkpoint instead of proceeding to the secondary inspection site. After an evidentiary hearing, the district court found that Cruz engaged in a 12 minute, 14.8 mile flight that reached a speed of 110 miles per hour at some point and ended only when the Oldsmobile's engine compartment burst into flames and incapacitated the vehicle.
 
 
 5
 Cruz pleaded guilty to one count of transporting illegal aliens in violation of 8 U.S.C. § 1324. At sentencing the district court found a sufficient factual basis to warrant application of U.S.S.G. § 3C1.2, a guideline which increases a defendant's base offense level by two points for recklessly creating a "substantial risk of death or serious bodily injury" during flight from authorities. Cruz's total offense level was 6, his criminal history category was I (one). Thus his guideline sentence range was 0 to 6 months. However, the district court departed upward from the maximum guideline range to a sentence of 12 months.
 
 STANDARD OF REVIEW
 
 6
 We review the district court's decision to depart from the Guidelines under a tripartite test established in United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). First, the district court's determination that an "unusual circumstance" not adequately considered by the Guidelines permits departure is subject to de novo review. Id. Second, the district court's factual findings supporting the existence of an identified circumstance permitting departure are reviewed for clear error. Finally, the extent of the departure is reviewed to determine whether it is "reasonable" in light of the standards and policies incorporated in the Sentencing Reform Act and the Guidelines. Id. at 751.
 
 DISCUSSION
 
 7
 A. The Factual Findings in Support of Departure
 
 
 8
 Cruz argues that the court's finding that he engaged the Border Patrol agents in a chase that reached a speed of 110 miles per hour was clearly erroneous. We have reviewed the record and we disagree. While Cruz quibbles at length about how long he could have been driving at 110 miles per hour, the district court properly found that had Cruz reached 100 or 110 miles per hour for any duration of the chase, he would have been creating a "substantial risk of harm" to others and section 3C1.2 would apply. The Government established facts supporting the application of the guideline by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992).
 
 B. The Upward Departure
 
 9
 Two grounds for the court's upward departure were proffered. First, the court found that a two point upward departure was warranted based on Cruz's "dangerous and inhumane" treatment of the aliens in his care. Application note 8 to U.S.S.G. § 2L1.1 permits a court to depart upward for dangerous and inhumane treatment of aliens. Then the court departed an additional two points because it found that Cruz's behavior exhibited a "higher degree of culpability" than recklessness. Application note 2 to section 3C1.2 permits a court to depart upward if the defendant's flight involves a higher degree of culpability than recklessness.
 
 
 10
 The district court had the authority to depart upward under application note 8 to U.S.S.G. § 2L1.1 because of Cruz's dangerous treatment of the aliens. United States v. Hernandez-Rodriguez, No. 91-50572, slip op. 11175, ---- (9th Cir. Sept. 15, 1992). However, application note 2 to section 3C1.2 offered no basis for departure. Id. at ----. The court's reliance on application note 2 clearly prejudiced Cruz. Williams v. United States, --- U.S. ----, 112 S.Ct. 1112, 1120-21, 117 L.Ed.2d 341 (1992). Since the district court relied on this improper ground for departing upward, and that reason alone supported a discrete portion of the increase in the sentence imposed (two of the four levels), we remand for resentencing.
 
 
 11
 We note that the district court sufficiently stated its reasons for the degree of the upward departure. Although we find that the departure was not warranted on one of the two stated grounds, the district court's precise statement made it possible to review the amount of the departure properly, and, thus, complied with the holding of this court in Lira-Barazza, 941 F.2d at 751.
 
 
 12
 VACATED and REMANDED for resentencing.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3